IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL ACTION |
| v. : | |
| : | NO. 05-cr-67-1 |
| JOSEPH SERRANO : | |
| : | |

### EXPLANATION

On February 9, 2005 a federal grand jury returned a one-count indictment charging Petitioner Joseph Serrano ("Serrano") with possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). On April 18, 2006, Serrano pled guilty to the charge and he was sentenced on September 5, 2006 to 151 months incarceration, followed by three years of supervised release. Serrano did not appeal.

Between August 2007 and March 2008, Serrano filed four *pro se* motions seeking release from federal custody.[1] These motions contained claims that Serrano's rights guaranteed by the Fourth, Fifth, and Sixth Amendments of the United States Constitution were violated by the federal court that convicted and sentenced him. Serrano sought relief under Federal Rule of Civil Procedure 60(b).

On July 15, 2008 and July 23, 2008, I issued orders denying Serrano's motions because his claims were not cognizable under Rule 60(b). I noted:

---

[1] On August 13, 2007, Serrano filed a motion titled "Notice of Motion." (Doc. #50). On September 24, 2007, he filed a motion titled "Motion Seeking Relief From Judgment or Order Pursuant to Rule 60(b)." (Doc. #51). On October 17, 2007, Serrano filed a "Motion to the Court." (Doc. #52). On March 6, 2008, Serrano filed a "Motion for Judgment on Pleading." (Doc. #54).

> "These are clearly claims that Serrano's rights guaranteed by the Fourth, Fifth and Sixth Amendments to the United States Constitution have been violated by the federal court that convicted and sentenced him, for which relief is provided to prisoners by AEDPA; however, petitioner repeatedly consists in all of his filings that he does not wish to pursue his arguments pursuant to either 28 U.S.C. § 2241 or 28 U.S.C. § 2255."

On July 20, 2009, Serrano filed the motion that is now before me, asking for relief from final judgment. In this motion, Serrano asks that I vacate and set aside my July 15, 2008 and July 23, 2008 orders. He also asks that I recharacterize his August 13, 2007 Rule 60(b) motion as a petition for habeas corpus under 28 U.S.C. § 2255.[2]

On September 2, 2009, I held a hearing where I asked Serrano whether he wished to proceed under § 2255. Serrano clearly stated that his prior efforts to pursue a claim under 60(b) were made solely because he is unfamiliar with the law. Serrano was unambiguous in his desire to proceed with a § 2255 motion.

A court may recharacterize a *pro se* litigant's motion as a § 2255 motion where the "court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing." Castro v. United States, 540 U.S. 375, 377 (2003). I now recharacterize Serrano's August 13, 2007 motion as a § 2255 motion, *nunc pro tunc* to when it was filed, and grant leave to amend this filing. If Serrano chooses to amend his August 13, 2007 motion, he must do so no later than **October 9, 2009**.

---

[2] Even if I were to recharacterize any of the later motions, they would be time-barred because the one year period to file a habeas petition expired on September 15, 2007.

_____
ANITA B. BRODY, J.

9/8/09

xc: Speedy Trial

Copies **VIA ECF** on _____ to:

Copies **MAILED** on 09-10-2009 to:
Joseph Serrano, Deft.

O:\ABB 2009\L - Z\US v. Serrano recharacterization explanation.wpd